IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE MICHAEL BARNES,<br>    Petitioner, | )<br>)  Civil Action No. 14-255 Erie<br>) |
| v. | )  District Judge Barbara Rothstein<br>)  Magistrate Judge Susan Paradise Baxter |
| NANCY A. GIROUX, et al.,<br>    Respondents. | )<br>) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus filed by state prisoner Lance Michael Barnes pursuant to 28 U.S.C. § 2254 be denied and that a certificate of appealability be denied.

**II.     REPORT**

**A.     Relevant Background**[1]

In March of 2007, a jury found Barnes guilty of Rape of a Person Less than 13 Years of Age, Statutory Sexual Assault, Involuntary Deviate Sexual Intercourse with a Person Less than 16 Years of Age, Involuntary Deviate Sexual Intercourse with a Person Less than 13 Years of Age, Aggravated Indecent Assault of a Person Less than 16 Years of Age, and Aggravated Indecent Assault of a Person Less than 13 Years of Age. (RR at 87-89). In a 2010 decision issued in Barnes' criminal case, the Superior Court of Pennsylvania briefly summarized the evidence introduced at his trial as follows:

> This case arises from [Barnes'] sexual abuse of his step-daughter ("the victim"). In August 2002, the victim reported to the police that [Barnes] had been sexually abusing her in his Pennsylvania residence. Trial [Tr.], March 5, 2007, pp. 136-39. At trial, the

---

[1]     Respondents have submitted the relevant record at ECF No. 7-1. It is paginated 1 through 200 and shall be cited as Reproduced Record ("RR") at ___ .

1

victim testified that [Barnes] digitally penetrated her and had vaginal and oral intercourse with her in his Pennsylvania residence. Id. at pp. 141-42. The victim states that these acts each occurred more than five times in the Pennsylvania residence. Id. The victim also explained that [Barnes] would show her videotapes of pornography and that he would sometimes buy her lingerie outfits to wear, which he would store in a black Craftsman tool bag. Id. at 131-32. The victim further testified that, when [Barnes] lived in two different locations in Maryland, which was prior to [Barnes] moving to Pennsylvania, [Barnes] also digitally penetrated her and had vaginal and oral intercourse with her. Trial [Tr.], March 5, 2007, pp. 123-29.

(RR at 126-27).

Pennsylvania's statutory sentencing scheme is indeterminate. Commonwealth v. Yuhasz, 923 A.2d 1111, 1117 (Pa. 2007). This means that a court will impose a sentence with two numbers, which represent the minimum and maximum period of incarceration. The minimum term is the earliest date that the defendant will be eligible for discretionary parole release and the maximum term is the date upon which the defendant may be released from confinement or parole supervision. Yuhasz, 923 A.2d at 1114-15, 1117-18 (citing 42 Pa.C.S. § 9756(a)). Pennsylvania's statutory scheme also is "guided," meaning that it "require[es] a judge to consider the guidelines by the Pennsylvania Commission of Sentencing in choosing a minimum sentence." Id. at 1118. A court may impose a sentence outside the sentencing guidelines as long as it provides a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. Id. (citing 42 Pa.C.S. § 9721(b)). Thus, "[i]t is well established that the Sentencing Guidelines are purely advisory in nature." Id. "[D]espite the recommendations of the Sentencing Guidelines, 'the trial courts retain broad discretion in sentencing matters, and therefore, may sentence defendants outside the Guidelines.'" Id. at 1118-19 (quoting Commonwealth v. Mouzon, 812 A.2d 617, 621 (Pa. 2002)). "The only line that a sentence may not cross is the statutory maximum sentence." Id. at 1119 (citing Mouzon, 812 A.2d at 621 n.4, and Commonwealth v. Saranchak, 675 A.2d 268, 277 n.17 (Pa. 1996)).

2

On September 6, 2007, Barnes' trial court sentenced him to an aggregate term of imprisonment of 15-30 years, as follows:

- upon conviction of Rape at Count 3, to a term of not less than five years nor more than ten years of imprisonment;

- upon conviction of Involuntary Deviate Sexual Intercourse at Count 5, to a term of not less than five years nor more than ten years imprisonment, to be served consecutive to Count 3;

- upon conviction of Involuntary Deviate Sexual Intercourse at Count 7, to a term of not less than five years nor more than ten years of imprisonment, to be served consecutive to Counts 3 and 5;

- upon conviction of Aggravated Indecent Assault at Counts 9 and 12, to terms of not less than two-and-one-half years nor more than five years of imprisonment, both to be served concurrent with each other and concurrent with Counts 3, 5 and 7.

(RR at 1-6, 69-70).

Barnes waived his right to pursue a direct appeal. In 2008, he filed with his trial court a motion for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, in which he raised claims that are not relevant to this proceeding. (RR at 99-100, 108-21). After that court denied Barnes' request for relief, he filed an appeal with the Superior Court of Pennsylvania, which affirmed the trial court's decision on May 6, 2010. (RR at 126-48). The Supreme Court of Pennsylvania denied a petition for allowance of appeal on February 9, 2011. (RR at 152).[2]

In the petition for a writ of habeas corpus [ECF No. 3] that Barnes filed with this Court, he challenges the legality of his imprisonment, which is the result of the judgment of sentenced imposed upon him on September 6, 2007. Barnes raises two claims for relief. In Claim One, he contends that his confinement is illegal because "no valid sentencing order was ever issued" by the trial court "as required by 42 Pa.C.S.A. § 9764." [ECF No. 3 at 5]. In Claim Two, Barnes contends that his sentence is illegal

---

[2] In 2012, Barnes filed with this Court a petition for a writ of habeas corpus as docket number 12-cv-108. He subsequently filed a motion to voluntarily dismiss that action, which was granted. In 2014, he filed a petition for a writ of habeas corpus with the Supreme Court of Pennsylvania which that court denied without discussion. (RR at 199).

because he "was sentenced to an enhanced sentence of 30 years by the court action of imposing a recidivism statute which was a matter of error as Alleyne [v. United States, — U.S. — , 133 S.Ct. 2151 (2013)] clearly states that such facts must be found by a jury and [he] is in fact a first time offender for sentencing purposes." [ECF No. 3 at 6].

Respondents have filed the answer and relevant record. [ECF No. 7]. Barnes then filed a document he entitled a motion for summary judgment, which was dismissed because it is not an appropriate filing in a habeas action. [ECF Nos. 9, 10]. However, the arguments Barnes made in that motion were considered as a reply to Respondents' answer.

**B.    Discussion**

Barnes' petition is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254. This statute provides, in relevant part, that a federal court may entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution of the United States. 28 U.S.C. § 2254(a). Errors of state law are not cognizable in a federal habeas proceeding. Id. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Barnes carries the burden of proving he is entitled to the writ. See, e.g., Cullen v. Pinholster, — U.S. — , 131 S.Ct. 1388, 1398 (2011).

> [I]t must be remembered that direct appeal is the primary avenue for review of a conviction or sentence.... The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited. Federal courts are not forums in which to relitigate state trials.

Barefoot v. Estelle, 463 U.S. 880, 887 (1983). Habeas corpus is a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."

Harrington v. Richter, 562 U.S. 86, 102-03 (2011) (quoting Jackson v. Virginia, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment)).

A state prisoner, such as Barnes, is required to raise his federal constitutional claims in state court *through the proper procedures* before he litigates them in a federal habeas petition. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) ("[i]t is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts.") (citing 28 U.S.C. § 2254(b)(1)(A)). Importantly, in order to exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking *one complete round of the State's established appellate review process*." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999) (emphasis added). In Pennsylvania, this requirement means that a petitioner in a non-capital case must have presented every federal claim raised in his habeas petition to the Superior Court either on *direct or PCRA appeal*. See, e.g., Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004). If the state prisoner failed to exhaust his claims properly and can no longer return to state court to litigate them because, for example, the state-law statute of limitations has expired, the prisoner has procedurally defaulted his claims and the federal habeas court is barred from reviewing them on the merits. See, e.g., Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman v. Thompson, 501 U.S. 722, 730(1991), and it bars federal habeas review of a claim whenever the petitioner has failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).[3]

---

[3] In relevant part, the procedural default doctrine essentially provides that federal claims may not be addressed by the federal habeas court if the petitioner either: (a) failed to present a claim to the state court and the state court would now decline to address it on the merits because state procedural rules bar such consideration; or (b) failed to comply with a state procedural rule when he presented a claim to the state court, and for that reason the state court declined to address the federal claim on the merits. See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

Because Barnes did not exhaust properly the claims that he brings in his petition, the Court could deny them as procedurally defaulted. However, in their answer, Respondents explain that because Barnes' claims clearly have no merit, the Court should simply deny them on that basis. They expressly state that they are not raising a procedural default defense, or the other potentially viable defense that Barnes' claims are untimely pursuant to the applicable one-year statute of limitations codified at 28 U.S.C. § 2244(d)(1).

**Claim One**

Barnes contends that his judgment of sentence is invalid because "no valid sentencing order was ever issued" by the trial court "as required by 42 Pa.C.S.A. § 9764." [ECF No. 3 at 5]. Section 9764 of Title 42 of Pennsylvania's Consolidated Statutes requires, in relevant part, that within ten days from the date a sentence is imposed, the trial court shall provide the county correctional facility housing the inmate a "written, sealed sentencing order from the county." 42 Pa.C.S.A. § 9764(b)(5)(i). There is no federal constitutional requirement that a state court issue a separate written order setting forth the sentence imposed. Barnes' argument that § 9764(b)(5) was not complied with raises only an issue of state law and, therefore, it is not cognizable in federal habeas. See e.g., Estelle, 502 U.S. at 67-68; Wells v. Petsock, 941 F.2d 253, 256 (3d Cir. 1991) ("Our review of a federal habeas corpus petition is limited to remedying deprivations of a petitioner's federal constitutional rights. We take no cognizance of non-constitutional harm to the defendant flowing from a state's violation of its own procedural rule, even if that rule is intended as a guide to implement a federal constitutional guarantee.") For this reason alone, Claim One should be denied.

Alternatively, Barnes' has not met his burden of establishing that no valid sentencing order was issued in his case. In their answer, Respondents state that sentencing orders were completed during

6

Barnes' sentencing hearing, and the sentences as written on the orders are identical to the pronouncement of sentence made in open court. (RR at 1-5). Respondents further explain that certified copies of the sentencing orders dated September 6, 2007, were mailed to Barnes' place of imprisonment (the State Correctional Institution in Albion, Pennsylvania) in October 2011. (RR at 103. See also id. at 76-82).

Based upon all of the foregoing, Barnes has not met his burden of demonstrating that he is entitled to habeas relief on Claim One. Therefore, the Court should deny that claim.

**Claim Two**

In Claim Two, Barnes contends that his sentence is illegal because he "was sentenced to an enhanced sentence of 30 years by the court action of imposing a recidivism statute which was a matter of error as Alleyne [v. United States, — U.S. — , 133 S.Ct. 2151 (2013)] clearly states that such facts must be found by a jury and [he] is in fact a first time offender for sentencing purposes." [ECF No. 3 at 6].

This claim also has no merit. Sentencing is a matter of state criminal procedure that does not fall within the purview of federal habeas review. See, e.g., Chapman v. United States, 500 U.S. 453, 465 (1991); Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir. 1984). Thus, unless an issue of constitutional dimension is implicated in a sentencing argument, see, e.g., 3 Charles A. Wright, et al., Federal Practice and Procedure: Crim. § 550, Constitutional Limits on the Sentencing Decision, available on WestlawNext (4th ed. last updated Apr. 2015), this Court is without power to grant habeas relief.

Under Teague v. Lane, 489 U.S. 288 (1989), a state prisoner seeking habeas relief in federal court may not rely on a "new" constitutional rule of criminal procedure that was announced after the date his conviction became final. Barnes' conviction and sentence became final after the time period in

7

which he could file a direct appeal expired (which was before he pursued his PCRA remedies in 2008). See, e.g., Caspari v. Bohlen, 510 U.S. 383, 390 (1994) (citing Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1987) ("[a] state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied."). That was well before the Supreme Court decided Alleyne in 2013. In United States v. Reyes, 755 F.3d 210, 212-13 (3d Cir.), cert. denied 135 S.Ct. 695 (2014), the United States Court of Appeals for the Third Circuit held that Alleyne announced a "new" rule that does not apply retroactively to cases on collateral review, such as this one. Therefore, this Court is barred under Teague from applying Alleyne to Barnes' case.

Barnes' reliance upon Commonwealth v. Jarowecki, 985 A.2d 955 (Pa. 2009) also is misplaced. In Jarowecki, the Pennsylvania Supreme Court interpreted 18 Pa.C.S. § 6312, a recidivist statute. The holding in that case is one of state law statutory construction, and Barnes has not shown how it advances a claim that his federal constitutional rights were violated.

Moreover, Barnes has not demonstrated that the holding in Jarowecki is applicable to his case. The defendant in Jarowecki was charged with and convicted of eight counts of possession of child pornography. Section 6312(d)(2) provided that any person who possesses child pornography "commits an offense," for which a "first offense" is a third-degree felony and a "second or subsequent offense" is a second-degree felony. The trial court graded counts 2 through 8 as "second offenses," due to the defendant's simultaneous conviction at count 1 (which the court considered his "first offense"). Jarowecki, 985A.2d at 958. The defendant challenged the grading of these counts and argued that his sentence was illegal. The Pennsylvania Supreme Court agreed with the defendant and concluded that the trial court erred in grading counts 2 through 8 as second offense, second-degree felonies, rather than first offense, third-degree felonies. Id. at 956, 968. The court expounded upon the recidivist philosophy

8

underlying § 6312(d), and reasoned that: "It cannot legally be known that an offense has been committed until there has been a conviction. A second offense, as used in criminal statutes, is one that has been committed after conviction for a first offense." Id. at 968 (citations omitted). In their answer, Respondents explain that Barnes was sentenced within the standard guideline ranges and that his sentences were not subject to any enhancements. [ECF No. 7 at 7-8].

Based upon all of the foregoing, Barnes has not met his burden of demonstrating that he is entitled to habeas relief on Claim Two. Therefore, the Court should deny that claim.

### C. Certificate of Appealability

28 U.S.C. § 2253 governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition and it provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of Barnes' claims should be denied. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Barnes must seek review by the district court by filing objections in accordance with

the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 8, 2016

cc: The Honorable Barbara Rothstein
United States District Judge