UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| Lance Michael Barnes, | ) | |
| --- | --- | --- |
| *Petitioner*, | ) | C.A. No. 14-255 Erie |
| v. | ) | |
| | ) | ORDER ADOPTING THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE BAXTER TO DENY PETITION FOR A WRIT OF HABEAS CORPUS |
| Nancy A. Giroux, et al., | ) | |
| *Respondents*. | ) | |

Before the Court are Petitioner's Objections [12] to the Report and Recommendation ("R&R") [11] of the Honorable Susan Paradise Baxter, United States Magistrate Judge, recommending denial of Petitioner's petition for a writ of habeas corpus. Having reviewed the Petition, the briefs of the parties, the R&R, and Petitioner's Objections, the Court affirms the decision of the Magistrate Judge.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was found guilty of multiple felonies in Pennsylvania state court in March 2007. Reproduced Record ("RR") at 87-89. On September 6, 2007, Petitioner was sentenced on five counts to an aggregate term of imprisonment of 15-30 years. *Id*. at 1-6, 68-70. Specifically, Petitioner was sentenced to five to ten years imprisonment for each of the following crimes: rape of a person less than 13 years old (Count 3), involuntary deviate sexual intercourse of a person less than 16 years of age (Count 5), and involuntary deviate sexual intercourse of a person less than 13 years of age (Count 7), to run consecutively; and to two and one-half years imprisonment for aggravated indecent assault of a person less than 16 years of age (Count 9), and aggravated

indecent assault of a person less than 13 years of age (Count 12), to run concurrently with Counts 3, 5, and 7.

Petitioner chose not to file a direct appeal, and instead pursued claims under Pennsylvania's Post Conviction Relief Act ("PCRA"). RR at 99-154. In these claims, Petitioner alleged that he was denied effective assistance of counsel. *Id*. The last of these claims was denied on February 9, 2011. *Id*. at 153.

On October 17, 2014, Petitioner filed the instant petition for a writ of habeas corpus alleging that his confinement is illegal because the trial court did not issue a sentencing order required by Pennsylvania statute, and that he was subjected to increased mandatory minimum terms of imprisonment. Doc. 3 at 5-6.

On January 8, 2016, Magistrate Judge Baxter issued an R&R recommending that the petition for a writ of habeas corpus filed by a state prisoner be denied and that a certificate of appealability be denied. On January 22, 2016, Petitioner filed his Objections. Although not a model of clarity, the Court believes Petitioner's objections are as follows: the Magistrate Judge should not have considered whether he had exhausted his claims because Respondents "waived" the issue; the record does not support Respondents' allegation that Petitioner was, in fact, provided a sentencing order as required by Pennsylvania statute; that Respondents violated Petitioner's rights to due process and equal protection by failing to act in accordance with state law;[1] and that

---

[1] Petitioner's allegation that the State violated his rights to due process and equal protection were raised for the first time in Petitioner's objections; therefore, the Court cannot consider them. *Ramos v. Kyler*, 2004 WL 828363, at *5 (E.D. Pa. Apr. 12, 2004) (citing *Bolar v. Blodgett*, 29 F.3d 630 (9th Cir. 1994)); *accord McClure v. Wilson,* 2003 WL 23194654, at *2 (E.D.Pa.2003); *Cohen v. Horn,* 1998 WL 834101, at *6 (E.D.Pa.1998); *Hammock v. Vaughan,* 1998 WL 163194, at *1 (E.D.Pa.1998); *Martinez v. United States of America,* 1995 WL 572913, at n. 9 (E.D.Pa.1995).

he was subjected to enhanced mandatory minimum terms of imprisonment even though the record provides no basis for the sentencing judge to have done so. Doc. 12.

## II. STANDARDS OF REVIEW

When a party files objections to an R&R, the district court must review *de novo* those portions of the R&R to which objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. *Raddatz*, 447 U.S. at 673-74.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted); *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

## III. ANALYSIS

### A. Respondents Did Not Waive the Issue of Petitioner's Failure to Exhaust His Claims

In his petition, Petitioner argues that his confinement is illegal because the trial court did not issue a sentencing order as required by Pennsylvania statute, and that he was subjected to increased mandatory minimum terms of imprisonment. Respondents argue Petitioner failed to exhaust these claims in state court. Thus, Respondents argue, the petition must be denied. The R&R agreed and found Petitioner failed to exhaust his claims. In his Objections, Petitioner argues that the Court should not consider whether he properly exhausted his claims because Respondents "waived" the issue by failing to raise it in their answer. *See* Doc. 12 at 1-3. Respondents did, albeit briefly, raise the issues of exhaustion and procedural default. *See* Answer, Doc. 7 at 6 ("Respondent would note that Petitioner's petition for habeas corpus suffers from multiple defects,

including default as well as untimeliness.") Accordingly, Respondents did not waive the issue, and the Court will rule on whether Petitioner properly exhausted his claims.[2]

## B. Petitioner's Claims Were Not Exhausted and Are Procedurally Defaulted

Respondents argue that because Petitioner failed to exhaust his claims in state court, the petition must be denied. Respondents are correct.

The court "shall not" grant an application for a writ of habeas corpus on behalf of a state prisoner unless one of the following occurs: "it appears that the applicant has exhausted the remedies available in the courts of the State; or [there is no] available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A prisoner has properly exhausted his remedies after he has "fairly presented his claims to the state court." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A prisoner who has failed to present his claims to a state court has procedurally defaulted those claims. *See id*. The Third Circuit has held that "petitioners need not seek review from the Pennsylvania Supreme Court in order to give the Pennsylvania courts a full opportunity to resolve any constitutional claims." *Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004)) (internal citation omitted). Petitioner, however, did not raise his claims in *any* Pennsylvania state court; and to have properly exhausted his claims, Petitioner should have raised them on or before February 2012.

---

[2] Even if Respondents failed to raise the issue of exhaustion, however, the clear statutory obligation that a petitioner exhaust his claims at the state level is one that every petitioner must follow. 28 U.S.C. § 2254(b)(1). Moreover, "[c]omity [] dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Rose v. Lundy,* 455 U.S. 509, 515-516 (1982); *Darr v. Burford,* 339 U.S. 200, 204 (1950)).

Petitioner was sentenced in 2007. He did not pursue a direct appeal, and his last PCRA appeal became final in February 2011, when the Supreme Court of Pennsylvania denied his petition for allowance of appeals. RR at 154; *See Lines v. Larkins*, 208 F.3d 153, 164 (3d Cir. 2000) ("[A] prior petition becomes final for PCRA purposes 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'") (quoting *Commonwealth v. Banks*, 556 Pa. 1, 726 A.2d 374, 375 (1999)). Once a judgment becomes final, any subsequent petition under the PCRA must be filed within one year. 42 Pa.C.S.A. § 9545(b). Consequently, Petitioner should have raised his two claims—that his confinement is illegal because the trial court never issued a valid sentencing order, and he was subjected to increased mandatory minimums—in state court on or before February 2012. Because he did not raise these claims in any Pennsylvania state court, Petitioner has procedurally defaulted his claims and the Court cannot grant his petition. *See O'Sullivan*, 526 U.S. at 848.

### C. The Merits of Petitioner's Claims

"An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(2). Thus, though the Court has denied the petition for a writ of habeas corpus because Petitioner failed to properly exhaust his claims, the Court now also rules on the merits of his petition.

**1. Petitioner's Claim Regarding the Failure to Receive a Valid Sentencing Order**

Petitioner claims that his confinement is illegal because the trial court never issued a valid sentencing order as required by Pennsylvania statute. *See* Pet., Doc. 3 at 5 (citing 42 Pa.C.S.A. § 9764). Section 9764 provides the information required when a prisoner is committed to the

Department of Corrections, and the procedures that the court, sheriff, and other record-keepers shall use when transporting and releasing prisoners. The relevant record strongly suggests Petitioner's allegation that the court never issued the required sentencing order is meritless. The record reveals that valid sentencing orders were, in fact, properly created, and that these orders were almost certainly mailed to Petitioner, by way of the prison in which he was housed.[3]

Even if Petitioner did not receive the sentencing order contemplated by section 9764, it is well established that federal habeas corpus can only be granted where the petitioner is in custody in violation of federal law. *See* 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Federal habeas corpus review "is limited to remedying deprivations of a petitioner's federal constitutional rights." *Wells v. Petsock*, 941 F.2d 253, 256 (3d Cir. 1991). A federal district court cannot even consider "non-constitutional harm to the defendant flowing from a state's violation of its own procedural rule, even if that rule is intended as a guide to implement a federal constitutional guarantee." *Id*. Here, Petitioner alleges a violation of state law, which the Court cannot consider. *See*, *e.g.*, *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *Estelle*, 502 U.S. at 67-68; *Barefoot v. Estelle*, 463 U.S. 880, 887(1983).

In any event, Petitioner does not state any prejudice resulting from the alleged violation. Indeed, Pennsylvania courts have addressed this issue and failed to find cognizable harm flowing from such a violation. *See*, *e.g.*, *Joseph v. Glunt*, 96 A.3d 365, 372 *appeal denied*, 627 Pa. 774 (2014) ("[T]he trial court correctly concluded that, even in the absence of a written sentencing

---

[3] The record includes "Sentence Sheets" with Petitioner's name, case, and sentence information, RR at 1-5; the transcript of Petitioner's sentencing hearing, in which the court announced a sentence identical to that marked on the sentence sheets, *id*. at 69-76; commitment orders with a seal visible at the bottom, RR at 80; a cover letter from the clerk of courts to the state department of corrections, directing the department find these "enclosed" commitment orders, *id*. at 82; and additional commitment enclosures, *id*. at 83-103.

order, the DOC had continuing authority to detain [Petitioner.]") Accordingly, Petitioner does not state a claim on which the court can grant habeas corpus relief. *See, e.g.*, *O'Sullivan* 526 U.S. at 848; *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *Lines v. Larkins*, 208 F.3d 153, 166 (3d Cir. 2000).

### 2. Petitioner's Claim Regarding an Enhanced or Recidivist Sentence

Petitioner claims that his confinement is illegal because he was subjected to increased mandatory minimums that were based on factors not found by the jury, which, as articulated in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), violates Petitioner's Sixth Amendment right.[4] The record belies Petitioner's claim: nothing suggests judicial fact-finding that exposed Petitioner to increased mandatory minimum terms of imprisonment.

#### a. The Length of Petitioner's Sentence was not Increased by Virtue of Enhanced Mandatory Minimums

Petitioner argues that he was subjected to increased mandatory minimum terms of imprisonment as a result of impermissible judicial fact-finding. Petitioner claims that at sentencing, the age of the victim was found by the judge, even though her age was not found by the jury. This improper finding, argues Petitioner, violated his Sixth Amendment right to a jury trial because the jury did not find an element that subjected him to mandatory minimum terms of incarceration. The record belies Petitioner's claim. The record indicates both that the jury found the victim's age, and that Petitioner was sentenced only to the mandatory minimum amounts of incarceration, and not any enhanced period of time. RR at 68-70, 126.

---

[4] The Court recognizes that this is not Petitioner's explicit argument, and that he uses "enhanced," "mandatory," and "recidivist" interchangeably. *See*, *e.g.*, Pet. Doc. 3 at 6; Reply Doc. 9 at 3-5. But, in light of Petitioner's citation to *Alleyne*, the Court believes this is the most plausible argument.

Petitioner was convicted of each of the following crimes: rape of a person less than 13 years old (Count 3); involuntary deviate sexual intercourse of a person less than 16 years of age (Count 5); involuntary deviate sexual intercourse of a person less than 13 years of age (Count 7); aggravated indecent assault of a person less than 16 years of age (Count 9); and aggravated indecent assault of a person less than 13 years of age (Count 12). RR at 68-70. Accordingly, the jury did make a finding regarding the age of the victim. Specifically, the jury found that the victim was less than 13 years old and less than 16 years old at the relevant time of abuse. *See id*.

The statutes underlying these crimes subjected every offender to mandatory minimum amounts of incarceration. A violation of the statutes corresponding to counts 3, 5, and 7, subjected an offender to a mandatory minimum period of incarceration of "not less than five years." 18 Pa.C.S. §§ 3121(a)(6), 3123(a)(7), 3123(a)(6) (1995); 18 Pa.C.S.A. § 9718 (1995). Petitioner was sentenced to a term of five to ten years imprisonment on counts 3, 5, and 7, respectively, to run consecutively. RR at 68-70, 76-78. A violation of the statutes corresponding to counts 9 and 12, subjected an offender to a mandatory minimum period of incarceration of "not less than two and one-half years." 18 Pa.C.S. §§ 3125(a)(8), 3125(a)(7) (1995); 18 Pa.C.S.A. § 9718 (1995). Petitioner was sentenced to a term of two and one-half to five years imprisonment on counts 9 and 12, respectively, to run concurrently to the other counts. RR at 68-70, 78.

Thus, there is no evidence to suggest that the judge improperly considered the victim's age when sentencing Petitioner and that such a consideration led to an increased sentence. Instead, the jury found Petitioner guilty of certain statutes that subjected an offender to mandatory minimum periods of incarceration; and Petitioner was sentenced to these mandatory minimums. *Id*. at 68-70, 126.

### b. Petitioner Was Not Sentenced as a Recidivist Offender

Petitioner argues that he was sentenced as a recidivist offender even though the jury found he had no prior violations of law. There is nothing in the record to indicate that Petitioner was sentenced as a second-time offender. Nor does Petitioner identify any Pennsylvania enhancement or recidivist statute, including one under which he claims to have been sentenced.

As described *supra*, Petitioner was sentenced to consecutive terms of mandatory minimum periods of incarceration. A mandatory minimum is not, as Petitioner seems to argue, an enhanced sentence. *See*, *e.g*., Pet. Reply, Doc. 9 at 3-4. Instead, it is the minimum amount of incarceration *every* offender receives if convicted of a given crime.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

(1) The Court AFFIRMS the Report and Recommendation;

(2) The Court DENIES the petition for a writ of habeas corpus;

(3) The Court DENIES a certificate of appealability;

(4) The Clerk of the Court is respectfully directed to send copies of this Order to Petitioner, Respondents, and to Judge Baxter.

**IT IS SO ORDERED.**

DATED this 26th day of February 2016.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE